UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Chris Umberger, | ) | C/A No. 5:12-2095-JFA-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Anthony Belcher, Warden FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se* petitioner, Chris Umberger, is an inmate with Federal Correctional Institution at Williamsburg, South Carolina. He brings this action pursuant to 28 U.S.C. § 2241 contending that he was tried for a disciplinary hearing without due process and that he is being released to Anchorage, Alaska, in the dead of winter with no food, housing or money. Essentially, petitioner is challenging the computation and execution of his sentence by the Federal Bureau of Prisons (BOP). This case was originally filed in the Southern District of West Virginia and was transferred to this district on July 26, 2012.[1]

The Magistrate Judge assigned to this action[2] has prepared a Report and

---

[1] The matter was transferred to this district because the petitioner is incarcerated at the FCI Williamsburg, South Carolina. In challenges to physical confinement as here, the proper respondent is the Warden of the facility where the petitioner is located. *Rumsfeld v. Padilla*, 542 U.S. 426, 430 (2004).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and opines that the respondent's motion for summary judgment[3] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on October 18, 2012. The petitioner filed timely objections to the Report which the court will address herein. Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner has a current projected release date of November 23, 2012 via Good Time Conduct Release. On February 22, 2011, the petitioner's supervision was revoked and he was sentenced in the United States District Court for the Southern District of West Virginia to a 24-month term of imprisonment.

On April 9, 2012, petitioner was released to a Community Corrections Center in West Virginia. On April 11, 2012, he tested positive for cocaine after a random urine drug screen. He received notice of the disciplinary charge against him on April 19, 2012 and a hearing was conducted on April 20, 2012. The petitioner was present at the hearing and the discipline hearing committee found the petitioner had committed the prohibited act as charged.[4] A Discipline Hearing Officer certified the committee's findings and imposed

---

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

[4] Petitioner contends that the prescription medicine Dibucaine, which he uses topically for his catheter, caused the drug test to show a false positive for cocaine.

2

sanctions in accordance with policy.

The respondent asserts that the petitioner has not exhausted his administrative remedies because he failed to properly file an appeal of the disciplinary action with the BOP's regional director. The respondent also contends that the due process requirements of BOP policy and *Wolff v. McDonnell*, 418 U.S. 539 (1974), were observed.

Petitioner, on the other hand, contends that because the BOP withheld the DHO report for two months, this caused his appeal to be late. However, as the Magistrate Judge notes in her Report, the petitioner has not included copies of any of the administrative remedies that he purportedly filed. Further, the Magistrate Judge finds that the petitioner's unsupported allegations regarding the grievance process and the administrative remedies are insufficient to overcome the undisputed evidence that the petitioner has failed to exhaust his administrative remedies on all of his claims. Thus, the Magistrate Judge recommends that the respondent be granted summary judgment on this issue.

The respondent also notes that because the petitioner violated the pre-release rules when he tested positive for cocaine, his supervised release was revoked and he was subject to a new term of imprisonment. As such, his release from the BOP (projected November 23, 2012) will not be subject to any supervision or oversight by the government. On June 6, 2012, the petitioner indicated to the BOP he would like to change his release address to Anchorage, Alaska. On August 20, 2012, the petitioner requested placement in a halfway house in Anchorage. In his § 2241 petition, however, he contends that he is being shipped to Alaska "in the dead of winter with no clothing, money or housing."

In his one-page objection to the Report (ECF No. 49), the petitioner now challenges the Magistrate Judge's recommendation that the petitioner has not exhausted his administrative remedies. He then states, "While it may (?) [sic] be true that the petitioner has not exhausted remedies it is not his fault. If the court will check with Tami Cassaro who's statement is the reasons Judge West believes petitioner did not exhaust, they will find that the government's position has changed." The petitioner then suggests that because the BOP has not responded in 75 days, "the petitioner has exhausted, in fact has won his appeal." The court finds the petitioner's objections unpersuasive and as such, the objections are overruled.

The court has carefully reviewed all of the objections made by the petitioner, has conducted the required *de novo* review, and court determines that the Magistrate Judge's recommended disposition is correct. Accordingly, the objections are overruled and the Report and Recommendation is incorporated herein by reference. The respondent's motion for summary judgment (ECF No. 26) is granted and the § 2241 petition is dismissed.

Additionally, all remaining pending motions are denied.

IT IS SO ORDERED.

November 6, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge